IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD S. LEPRE, JR.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:17cv856 |
| ) | **Electronic Filing** |
| **UNITED STATES CARGO AND** ) | |
| **COURIER SERVICE, LLC** d/b/a ) | |
| U.S. CARGO and U.S. CARGO & ) | |
| COURIER SERVICE, INC., **PITT OHIO** ) | |
| **EXPRESS**, **BOBBI MAY-GROSS**, and ) | |
| **MICHAEL FERDERBAR,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW, this 28th day of August, 2020, upon due consideration of defendants' motion to dismiss in part plaintiff's Second Amended Complaint and the record as developed in conjunction therewith, IT IS ORDERED that [51] the motion be, and the same hereby is, granted.  All claims for retaliation are dismissed for failure to state a claim upon which relief can be granted and failure to exhaust administrative remedies.  And all claims against the Pitt Ohio entities are dismissed for failure to allege facts plausibly showing this/these defendants were plaintiff's employer and failure to 1) place these defendants on notice when filing a charge with the Equal Employment Opportunity Commission and 2) exhaust administrative remedies on the claims against these defendants.

It is well-settled that a prima facie case of retaliation requires the plaintiff to proffer evidence demonstrating the following: "(1) she engaged in conduct protected by Title VII; (2) after or contemporaneous with engaging in that conduct, her employer took an adverse action against her; (3) the adverse action was 'materially adverse'; and (4) there was a causal connection between her participation in the protected activity and the adverse employment action."  Hare v.

Potter, 220 Fed. Appx. 120, 127 (3d Cir. 2007).

Here, plaintiff's *pro se* pleading makes clear that he already had been informed of his termination prior to complaining about being treated in violation of Title VII.  As such, the averments of the Second Amended Complaint fail to identify protected activity or set forth a causal connection between protected activity and the adverse employment action.  Consequently, a plausible showing of a claim for retaliation has not been stated.

Plaintiff likewise has failed to demonstrate that he exhausted his administrative remedies on his claims of retaliation.  Before filing an employment discrimination claim under Title VII, "a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC."  Twillie v. Erie Sch. Dist., 575 F. App'x 28, 30–31 (3d Cir. 2014).  "The ensuing suit is limited to claims that are within the scope of the initial administrative charge."  Id. (citing Antol v. Perry, 82 F.3d 1291, 1295–96 (3d Cir.1996)).  "[O]nly those acts alleged that are 'fairly within the scope of the prior administrative complaint, or the investigation arising therefrom' are considered to have been exhausted."  Spindler v. Se. Pennsylvania Transp. Auth., 47 F. App'x 92, 94 (3d Cir. 2002) ((quoting Antol, 82 F.3d at 1295 (quoting Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir.1984) (*per curiam*))).

Plaintiff's charge with the EEOC was devoid of any facts or other indication that a charge of retaliation was being presented.  It was predicated solely on a claim of reverse race discrimination.  See Doc. No. 47-2 at pp. 1& 2.  Consequently, defendants are entitled to dismissal of all retaliation claims due to the failure to exhaust administrative remedies.

The claims against the Pitt Ohio entities suffer from the same shortcomings.  Plaintiff has failed to plead any facts which make a plausible showing that these entities were plaintiff's actual employer.  Nor did plaintiff identify these entities in the charge he filed with the EEOC.

2

Accordingly, the claims against the Pitt Ohio entities must be dismissed for failure to state a claim upon which relief can be granted and failure to exhaust administrative remedies.

s/David Stewart Cercone  
David Stewart Cercone  
Senior United States District Judge

cc:   Larry A. Weisberg, Esquire  
     Patrick J. Fazzini, Esquire  
     Cory E. Ridenour, Esquire

*(Via CM/ECF Electronic Mail)*